**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERVE GUY NGOUYOMBO, | No. 13-73873 |
| Petitioner, | Agency No. A070-460-027 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015**

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Herve Guy Ngouyombo, a native and citizen of the Central African

Republic, petitions pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Shrestha v. Holder*, 590 F.3d 1034, 1047-48 (9th Cir. 2010). We review de novo constitutional claims. *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination, including the inconsistency between Ngouyombo's testimony that he had a good relationship with alleged family members who could have provided corroborating evidence and his failure to submit any evidence to corroborate his claim that he was related to a politically active family in the Central African Republic, his unfamiliarity with his alleged brother's political activities and his attempt to read from documents when asked to provide testimony about those activities, and his implausible testimony that he would be targeted for persecution despite regime change. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding was reasonable under totality of circumstances). Ngouyombo's explanations for his inconsistent and implausible testimony do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Substantial evidence supports the agency's denial of withholding of removal, where Ngouyombo's claim was premised on fear of being targeting due to political activities of his alleged brother and cousin, but Ngouyombo's testimony was not credible and he provided no corroborating evidence before the agency that he was related to such individuals. *See Shrestha*, 590 F.3d at 1047 ("Under the REAL ID Act, [the court] may not reverse the IJ's and BIA's conclusion that [the petitioner] should have been able to obtain [corroborating evidence] . . . unless 'a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.'" (quoting 8 U.S.C. § 1252(b)(4))).

Substantial evidence also supports the agency's denial of CAT relief, where Ngouyombo failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if removed to the Central African Republic. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

To the extent Ngouyombo requests that this court take judicial notice of new documents, which were not presented to the agency and which he contends corroborate his claim to a familiar relationship to his alleged brother, that request is denied. *See* 8 U.S.C. § 1252(b)(4)(A) (the court's review is limited to the administrative record); *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc)

13-73873

(new evidence may be added to the record through a motion to reopen with the agency).

The record does not support Ngouyombo's contentions that the Department of Homeland Security withheld documents from him or that the IJ acted in a biased manner.

Ngouyombo's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**